UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 08-CR-171

DUANE D. MAYS,

        Defendant.

## ORDER DENYING MOTION TO WITHDRAW PLEA

Defendant Duane D. Mays was charged in a one-count indictment with Possession of a Firearm by a Felon contrary to 18 U.S.C. § 922(g)(1). On October 9, 2008, Mays entered a guilty plea pursuant to a written agreement with the Government. A pre-sentence report has been prepared and sentencing was scheduled to occur on January 7, 2009. On December 30, 2008, Mays filed a motion to withdraw his plea on the ground that a decision by the United States Supreme Court in a case presently pending before it may provide a ground to seek suppression of material evidence in his case. For the reasons set forth below, Mays' motion will be denied.

The facts offered in support of Mays' plea reveal the basis for Mays' potential motion to suppress. On May 28, 2008, Mays was pulled over for speeding in Langlade County by Sergeant Dale Lenzner, who was on routine patrol. A record check revealed that Mays had an outstanding warrant from Oneida County, Wisconsin, also for speeding. Mays was then arrested pursuant to the warrant and apparently handcuffed. In the course of a custodial search of Mays, Sergeant Lenzner found $2,500 in cash in his pockets. Sergeant Lenzner then searched the passenger compartment

of Mays' vehicle and, under a denim jacket lying on the front passenger seat, he found a loaded High Point .380 cal. semi-automatic pistol. Although a drug detection dog alerted on several areas of the vehicle, as well as the U.S. currency found in Mays possession, no controlled substances were found in the vehicle. The firearm recovered from his vehicle, however, provides the basis of the charge to which Mays entered his plea.

In support of his motion to withdraw his plea, Mays notes that the search conducted by the traffic officer was lawful under *New York v. Belton*, 453 U.S. 454 (1981). In *Belton*, the Supreme Court held that when a law enforcement officer has made a lawful custodial arrest of the occupants of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the vehicle, as well as any containers found in the passenger compartment of the vehicle. *Id.* at 460. The Court had previously upheld a search incident to the arrest of an individual in order to insure that the arrestee would not have access to weapons that could be used against the officer or evidence that could be destroyed. In *Belton*, the Court created a "bright line rule" governing the application of the same principle in the context of the custodial arrest of the occupant of an automobile.

Mays points out, however, that the dissent and various concurrences in *Thornton v. United States*, 541 U.S. 615 (2004), have called into question the rationale of *Belton*. Moreover, the Court granted *certiorari* and has already heard oral argument in the case of *Arizona v. Gant*, No. 07-542, which directly presents the question of the continued validity of *Belton*. The question presented in *Gant* is as follows:

> Does the Fourth Amendment require law enforcement officers to demonstrate a threat to their safety or a need to preserve evidence related to the crime of arrest in

> order to justify a warrant vehicular search incident to arrest conducted after the vehicle's recent occupants have been arrested and secured?

*Id.* available at http://origin.www.supremecourtus.gov/docket/07-542.htm (last visited March 3, 2009). Mays further contends that the questioning during the argument of the case suggest that a majority of the Court may choose to overrule *Belton*. In the event *Belton* is overruled, Mays contends, he would have grounds upon which to seek suppression of the firearm seized from his vehicle on May 28, 2008, and that forms the basis of the charge to which he entered his plea. Based upon the foregoing, Mays requests that he be allowed to withdraw his plea or in the alternative to stay his sentencing until such time as *Gant* is decided.

The standard for a motion to withdraw a guilty plea prior to sentencing is set forth in Rule 11 of the Federal Rules of Criminal Procedure. Under that rule, a defendant may withdraw a plea of guilty or no contest after the court accepts the plea but before it imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In this case, I find that the Defendant has failed to establish such a reason.

In reaching this conclusion, I note that the Defendant does not assert that he is innocent of the crime. His sole reason for seeking withdrawal is so that he can take advantage of a possible change in the law governing the actions of law enforcement in the course of conducting an arrest of the occupant of a vehicle. In effect, he seeks to take advantage of the exclusionary rule, a court-created device intended to deter police misconduct. *See Herring v. United States*, 129 S.Ct. 695, 700 (2009) (noting "the exclusionary rule is not an individual right and applies only where it 'result[s] in appreciable deterrence'") (quoting *United States v. Leon*, 468 U.S. 897, 909 (1984)). In this Court's view, this does not constitute a fair and just reason to withdraw the plea.

3

Case 1:08-cr-00171-WCG    Filed 03/03/09    Page 3 of 5    Document 24

As even Mays concedes, at the time he was arrested, and even today, a law enforcement officer is entitled under clear and unequivocal Supreme Court precedent to conduct a search of the passenger compartment of a vehicle upon the lawful arrest of an occupant. Thus, Sergeant Lenzner acted lawfully on May 28, 2008 when he affected Mays' arrest. Mays hopes and believes that the Supreme Court may overturn *Belton* and prohibit law enforcement officers from conducting such searches upon an arrest absent a specific showing of a threat to the officer. In the event the Supreme Court overturns *Belton,* law enforcement officers, such as Sergeant Lenzner, will have the opportunity to modify their conduct so as to avoid the suppression of lawfully seized evidence. But it makes no sense to punish an officer, or society for that matter, for violating a rule that did not exist at the time the officer acted.

For the same reasons, it is apparent that Sergeant Lenzner was acting in good faith in effectuating the search which led to the seizure of the loaded handgun on the passenger seat of Mays' vehicle. In *United States v. Leon*, the Court recognized a good faith exception to the exclusionary rule where a law enforcement officer acts in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. 468 U.S. at 920. If an officer's reliance upon a local magistrate's determination of probable cause is sufficient to invoke the good faith exception to the exclusionary rule, it would appear all the more certain that reliance on a ruling of the Supreme Court would as well. It is for this reason that the exclusionary rule itself was not given retroactive effect. *Linkletter v. Walker*, 381 U.S. 618 (1965) (holding that *Mapp v. Ohio*, 367 U.S. 643 (1961), not to be retroactively applied).

Counsel for Mays has also suggested that in the event *Belton* is overruled, Mays may be entitled to withdraw his plea because of counsel's ineffectiveness in failing to raise the issue prior

4

to Mays' entry of his plea. At this point, however, such a motion is entirely speculative. No showing of ineffectiveness has been made on the record as it now stands. If Belton is in fact overruled and Mays is unable to take advantage of the change in the law, the issue of counsel's effectiveness can be addressed in a motion for post conviction relief under 28 U.S.C. § 2255. I decline to grant Mays' motion to withdraw his plea because his attorney might have been ineffective.

For all of the above reasons, Mays' plea should stand. The desire to obtain the benefit of a subsequent change in the law governing police procedure, while understandable, does not constitute a fair and just reason for withdrawal of a plea. It may seem somewhat arbitrary that a criminal conviction should rest on the timing of a change in the make-up or views of the individual members of the Supreme Court. Were the issue one of guilt or innocence, the Court's ruling would be different. But Mays is simply seeking to take advantage of a potential windfall totally unrelated to the merits of his own conduct. Unfortunately for him, the windfall has not yet occurred and thus he is not in a position to take advantage.

Accordingly, Mays' motion to withdraw his plea is denied, as is his motion for bond. The Clerk is directed to place this matter on the Court's calendar for sentencing.

**SO ORDERED** this   3rd   day of March, 2009.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge